# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

BRIAN SELENSKI,

  Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC and
BANK OF AMERICA, N.A.,

  Defendants.
_____/

CASE NO.:

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRIAN SELENSKI (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendant, EXPERIAN INFORMATION SOLUTIONS, INC (hereafter "Experian" also known as a "CRA"), and Defendant, BANK OF AMERICA, N.A. (also known as a "furnisher" or "Bank of America") and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2. Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian").

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. The Plaintiff is a natural person and resident of Pinellas County in the State of Florida. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. Venue is proper in this District as Plaintiff is a resident in this District, the violations described in this Complaint occurred in this District, and Experian and Bank of America transact business within this District.

9. Experian is a corporation headquartered in the State of California, authorized to conduct business in the State of Florida through its registered agent, CT Corporation System located at 1200 South Pine Island Road, Plantation, Florida 33324.

10. Experian is a "consumer reporting agency," as defined in 15 USC § 1681(f). is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11. Upon information and belief, Experian disburse such consumer reports to third parties under contract for monetary compensation.

12. Bank of America is an entity that regularly reports to the CRAs and a "furnisher" under the FCRA.

## **FACTUAL ALLEGATIONS**

13. Plaintiff is a natural person and resident of the State of Florida, Pinellas County.

14. On or about May 2020, Plaintiff learned that he had become a victim of identity theft. Plaintiff's son, Greg Selenski, used his information to fraudulently open credit accounts to pay for his drug usage.

15. Tragically, on May 22, 2020, Plaintiff's son, Greg Selenski, passed away from a drug overdose.

16. After Plaintiff's son's passing, he discovered there were six (6) credit accounts were fraudulently in his name. In response, Plaintiff immediately began to communicate with the furnishers and Experian disputing the frauds and letting them know he did not authorize or opened these accounts

17. Plaintiff wrote a detailed dispute letter and sent it to Experian.

18. In response to the dispute, Plaintiff received dispute results from Experian dated July 30, 2020 (Report Number 3880-9942-56). Experian responded as follows:

    i. American Express 03112019- Deleted
    ii. American Express 349992676120- Updated
    iii. Bank of America 440066309309xxx- Ignored
    iv. Citi Bank- Ignored
    v. PNC Bank- Ignored
    vi. Capital One Bank 415417953931- Updated
    vii. JP Morgan Chase 424631529853- Updated

19. Experian blatantly violated the FCRA by ignoring detailed disputes and by failing to communicate the disputes to the Furnishers. Experian also failed to conduct an independent investigation on the accounts it updated.

20. On November 7, 2020, Plaintiff mailed another written dispute letter to Experian concerning the fraudulent accounts. Plaintiff explained in the letter

that he was a victim of identity theft, and the accounts in question were never opened by him, nor authorized to be opened. Plaintiff provided an image of his driver's license and passport to confirm his identity. Plaintiff also provided a copy of his son's death certificate and sent to Experian a recently filed a police report with the Pinellas County Sheriff's Office PCSO- Offense SO20-27885. Plaintiff provided his email address and cell phone in case Experian had any questions or needed further information. Plaintiff disputed the Bank of America 440066309309xxxx fraudulent account.

21. Plaintiff mailed his detailed dispute letter to Experian via USPS Certified Mail 70200640000061342731. USPS confirmed delivery to Experian on November 12, 2020.

22. Upon information and belief, Experian sent the dispute to Bank of America through an ACDV. Bank of America failed to do a reasonable investigation. Bank of America never reached out to Plaintiff, while conducting an investigation, to obtain any information about the fraud.

23. In response to the dispute, Plaintiff received dispute results from Experian dated December 9, 2020 (Report Number 2417-9108-04). Experian responded as follows:

    i.   Bank of America 440066309309xxxx- **Remains**
   ii.   CitiBank- Ignored
  iii.   PNC Bank- Ignored
  iv.   American Express 349992676120xxxx- **Deleted**
   v.   Capital One- Remains
  vi.   JP Morgan Chase 424631529853xxxx- **Updated**

24. Experian blatantly violated the FCRA by ignoring detailed account disputes and by failing to communicate the disputes to the Furnishers. Experian also failed to conduct an independent investigation on the Bank of America account. Experian kept the erroneous accounts on Plaintiff's credit report despite being notified that the accounts did not belong to Plaintiff.

25. On January 5, 2021, Plaintiff mailed another detailed dispute letter to Experian via certified mail requesting for the following accounts to be removed from his credit report:

  i. Bank of America 440066309309xxxx-
  ii. CAPITAL ONE – Account # 543857000658***
  iii. JPMCB – Account #424631529853****
  iv. CAPITAL ONE Bank- Account #415417953931****
  v. CAPITAL ONE Bank- Account #542442862793****
  vi. CAPITAL ONE Bank- Account #415417845786****
  vii. CAPITAL ONE Bank- Account #486236752022****
  viii. CAPITAL ONE Bank- Account #543857000
  ix. JPMCB – Account #424631529853****

26. Plaintiff mailed his detailed dispute letter to Experian via USPS Certified Mail 7020 0640 000 0613 50194. USPS confirmed delivery to Experian on January 9, 2021.

27. Upon information and belief, Experian sent the dispute to Bank of America through an ACDV. Bank of America failed again to conduct a reasonable investigation.

28. In anticipation of the Experian dispute results, on January 29, 2021, Plaintiff obtained his Experian Credit Report (3899-320-81). Devastatingly,

6

Plaintiff discovered that the following previous disputed accounts were still listed on his credit report:

    i.    Bank of America 440066309309xxxx-
    ii.    CAPITAL ONE – Account # 543857000658***
    iii.    JPMCB – Account #424631529853****
    iv.    CAPITAL ONE Bank- Account #542442862793****
    v.    CAPITAL ONE Bank- Account #415417845786****
    vi.    CAPITAL ONE Bank- Account #486236752022****
    vii.    CAPITAL ONE Bank- Account #543857000
    viii.    JPMCB – Account #424631529853****

29. On July 31, 2021, extremely furious with the lack of response or action, Plaintiff mailed another extremely detailed dispute letter via certified mail, that included the police report that Plaintiff filed due to the fraudulent accounts on his credit.

30. Plaintiff mailed his detailed dispute letter to Experian via USPS Certified Mail 7020 0640 000 6136 4313. USPS confirmed delivery to Experian on August 2, 2021.

31. Again, upon information and belief, Experian sent the dispute to Bank of America through an ACDV. Experian kept the erroneous accounts on Plaintiff's credit report despite being notified that the accounts did not belong to Plaintiff.

32. As of filing of this complaint, Experian has not responded to Plaintiff's latest dispute letter despite the letter being sent via certified USPS mail.

33. To date, Experian has failed to report the proper information Plaintiff's credit report despite having been given ample notice of its errors.

34. Experian has been aware of the Plaintiff being a victim of identity theft and has chosen not to believe the Plaintiff regarding the fraudulent accounts.

35. As of the filing of this Complaint, no one from Experian has attempted to contact Plaintiff to further investigate the dispute.

36. The Bank of America account was the results of negligent or willful mishandling by Bank of America, and failure by Experian to investigate all the facts which the Plaintiff explained in the dispute letters.

37. Experian failed to independently conduct any investigation. Upon information and belief, Experian notified Bank of America of Plaintiff's dispute of the account, but clearly failed to do any independent investigation.

38. Bank of America refused to acknowledge that the account did not belong to the Plaintiff and to correct the erroneous information.

39. Bank of America knew or should have known throughout the life of the account that Plaintiff was not the actual debtor yet continued to verify to Experian.

40. Experian failed to report the proper information on Plaintiff's credit report despite having been given ample notice of its error. Plaintiff has previously disputed these fraudulent accounts.

41. Plaintiff has struggled to obtain credit and has been denied credit specifically on Experian's failures to conduct reasonable investigations. Plaintiff is mourning his son's death while continuing to dispute these accounts. The damages continue through the filing of this Complaint.

42. As a result of the inaccurate credit reporting, Plaintiff has suffered damages including, but not limited to:

   i. Monies lost by attempting to fix his credit;
   ii. Loss of time attempting to cure the errors;
   iii. Mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life;
   iv. Reduction in credit score;
   v. Apprehensiveness to apply for credit due to the fear of rejection.

43. All conditions precent to the filing of this action has occurred.

## CAUSES OF ACTION

### COUNT I
### (Violation of the FCRA- As to Experian)

44. Plaintiff re-alleges and fully incorporates paragraphs one (1) through forty-three (43) above as is fully stated herein.

45. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

46. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

47. Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o. Experian failed to properly conduct any independent investigation regarding the erroneous reporting. Experian had the filed police report and failed to communicate with Bank of America or Plaintiff to further investigate.

48. Experian failed to have policies and procedures to investigate the relationship of deleted addresses with disputed accounts and merely parrots back the electronic communication from the furnishers.

49. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, and EXPERIAN INFORMATION SOLUTIONS, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
**(Violation of the FCRA As to Experian)**

50. Plaintiff re-alleges and fully incorporates paragraphs one (1) through forty-three (43) above as is fully stated herein.

51. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has to know is not always reliable.

52. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.  Plaintiff has purposely refrained from applying for more credit because of the erroneous reporting by Experian. Experian was made aware of the dispute about the erroneous reporting about the Bank of America, Citi Bank, PNC Bank accounts and refused to remove them.  Moreover, on several occasions, Experian ignored the disputed accounts.

53. Experian's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

54.     The Plaintiff is entitled to recover costs and attorney's fees Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; for her attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT III
**(Violation of the FCRA- As to Bank of America, N.A.)**

55.     Plaintiff re-alleges and fully incorporates paragraphs one (1) through forty-three (43) above as is fully stated herein.

56.     Bank of America published the Bank of America representations to Experian and through Experian to all of Plaintiff's potential lenders on multiple occasions.

57.     Bank of America violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of Bank of America representation; by failing to review all relevant information regarding same; by failing to accurately respond to Experian; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Bank of America representations to the consumer reporting agencies. Plaintiff

provided all the information necessary for Bank of America to have identified that Plaintiff never applied for this account. Since 2020, Bank of America was aware that these were fraudulent accounts yet continued to report to Experian.

58.     Bank of America violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Experian after Bank of America had been notified that the information was inaccurate. Bank of America has been aware of Plaintiff's disputes for numerous months but continued to erroneously report.

59.     Bank of America violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Experian that Bank of America knew was inaccurate.

60.     Bank of America did not have any reasonable basis to believe that the Plaintiff was responsible for the accounts reported in the Bank of America representation. It also had substantial evidence by which to have verified that the Plaintiff was not the responsible party. Bank of America knowingly chose to follow procedures which did not review, confirm or verify who the responsible party was for the debt in question. Further, even if Bank of America would attempt to plea ignorance, it had all of the evidence and information with which to confirm and recognize the Plaintiff was not the liable party.

61.     As a result of this conduct, action and inaction, Bank of America, Plaintiff suffered damage by loss of time due to Plaintiff's attempts to correct the inaccurate information and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

62. Bank of America's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, BANK OF AMERICA, N.A., jointly and severally; for her attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

    Respectfully submitted,

    */s/ Octavio "Tav" Gomez*
Octavio "Tav" Gomez, Esquire
Florida Bar No.: 0338620
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4797
TGomez@ForThePeople.com
Lsommers@ForThePeople.com
*Attorney for Plaintiff*